UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>   Defendants. | Case No. 1:25-cv-1372<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff KAIFI LLC ("KAIFI" or "Plaintiff") hereby alleges patent infringement against Defendant Apple Inc. ("Apple" or "Defendant") as follows:

## PARTIES

1. KAIFI is a corporation organized and existing under the laws of the State of Texas, having a principal place of business at 5700 Tennyson Pkwy 300, Plano, Texas 75024.

2. Apple is a corporation organized and existing under the laws of the State of California, with principal places of business at 12545 Riata Vista Circle, Austin, Texas 78727; 6900 W. Parmer Lane, Austin, Texas 78729; and 1 Apple Park Way in Cupertino, California, 95014.  Apple may be served with process through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

3. This patent infringement action arises under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") § 101 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338(a).

5. Apple is subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute.

6. Personal jurisdiction also exists over Apple because it transacts substantial business either directly or through its subsidiaries, affiliates, or intermediaries, some or all of which are its agents or alter egos, with entities and individuals in this State and this District, by, among other things, making, using, selling, offering for sale, importing, advertising, making available, and/or marketing products and services that infringe one or more claims of the asserted

patent, as alleged more particularly below.

7. Apple has sufficient minimum contacts with this State and this District because it regularly solicits and transacts business herein, and/or because it has engaged in persistent conduct and/or has derived substantial revenue from goods and services provided in this State and this District.

8. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b) because, among other things, Apple has committed acts of infringement in this District and has regular and established places of business in this District.

9. Apple does business, offers to sell and sells infringing products and services throughout the United States, this State, and this District, and introduces infringing products and services into the stream of commerce knowing that they will be sold in the United States, this State, and this District.

10. Apple has authorized sellers and sales representatives and/or does business, offers for sale and/or sells products and services pertinent to this Complaint across the United States, including throughout this State, including in and to consumers throughout this District.

11. Apple owns and operates the www.apple.com website, which is accessible by, through, and in this District and its residents.

12. Apple owns, leases, and/or operates in or out of one or more offices and/or other facilities in this District.

13. Apple maintains regular and established places of business within this District, including at: offices at 12545 Riata Vista Circle, Austin, Texas 78727 and 6900 W Parmer Lane, Austin, Texas 78729; manufacturing facility in Austin; engineering center at 320 S. Capital of Texas Hwy, West Lake Hills, Texas 78746; and retail stores located at 2901 S. Capital of Texas

Highway, Austin, Texas 78746; 3121 Palm Way, Austin, Texas 78758; 7400 San Pedro Avenue, San Antonio, Texas 78216; 15900 La Cantera Parkway, San Antonio, Texas 78256; and 8401 Gateway Boulevard West, El Paso, Texas 79925. The Apple locations and facilities in this District are regular, physical, continuous, and established places of business. Apple established, ratified, and controls these places of business. Apple lists and describes these places of business on its own websites, on other public websites, and/or in its SEC filings. Apple employs thousands of employees at these places of business from which it conducts business, including the infringing conduct, in this District to its benefit.

14. Apple develops, makes, uses, imports, offers for sale, and/or sells in Texas and this District products and services that infringe the Asserted Patent. Apple, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and/or services in the United States, the State of Texas, and this District, including but not limited to infringing products as detailed below. Apple solicits and has solicited customers in the State of Texas and in this District. Apple has paying customers, who are residents of the State of Texas and this District, who each use and have used the infringing Apple products and services in the State of Texas and in this District.

15. Apple maintains a permanent and/or continuing presence within this District, and/or has the requisite minimum contacts with this District such that this venue is a fair and reasonable one. Apple has transacted and, at the time of the filing of the Complaint, is continuing to transact business within this District, and has and continues to derive substantial revenue from infringing acts in this District.

## ASSERTED PATENT

16. KAIFI owns the entire right, title, and interest in and to the following patent,

including the right to seek damages for past and ongoing infringement:  U.S. Patent No. 8,930,196 ("the '196 Patent").

17. The '196 Patent is entitled "System For Detecting Speech Interval And Recognizing Continuous Speech In A Noisy Environment Through Real-Time Recognition Of Call Commands."  The '196 Patent was duly and legally issued by the United States Patent Office on January 6, 2015.  The named inventors are Heui-Suck Jung, Se-Hoon Chin, and Tae-Young Roh.  A true and correct copy of this patent is attached hereto as Exhibit 1.

18. The '196 Patent was originally issued to KoreapowerVoice Co., Ltd. ("PowerVoice").  Located in Korea and founded in 2002, PowerVoice is a pioneer in voice recognition technologies.  PowerVoice's technologies include voice recognition and speaker verification engines for DSP and CPU modules, particularly used in security systems and voice recognition applications for smart devices and home networking.  Global companies have turned to PowerVoice technology for a wide variety of products, including home networking, appliances and heavy equipment, automotive systems and navigations, and smartphone applications.

19. The claims of the '196 Patent are directed to patent-eligible subject matter and satisfy the requirements of 35 U.S.C. § 101.  The apparatus and methods taught by the '196 Patent solve technological problems and improve performance in speech recognition systems by, among other things, enabling detecting a speech interval in noisy environments using call commands, which "can solve the disadvantage of an isolated word recognition system which requires a special event for speech recognition while solving the disadvantage of a conventional keyword detection-based continuous speech recognition technique which requires not only a

large computational load but also the change of a language model or post-processing."[1] This enables, among other things, continuous speech recognition that is very robust in noisy environments.[2]

20.     In addition, the specification of the '196 Patent describes embodiments implementing the technological solution of the invention, including exemplary techniques and improvements to computer systems.  As one example, the specification describes aspects of an exemplary embodiment as follows: "a system for detecting a speech interval and recognizing continuous speech using real-time recognition of call commands, wherein when a speaker speaks a call command, the call command is recognized, confidence rate of the call command is measured, and a speech interval spoken subsequent to the call command is applied to a continuous speech recognition engine at a moment at which the call command is recognized, thus recognizing speech of the speaker.  In this case, the recognition of the call command is performed by a call command recognition network which is implemented using a Left-to-Right (LTR) model, and a speech frame input to the recognition network is configured to include predetermined tokens and is compared based on probability with the recognition network in real time.  In this case, each of the predetermined tokens includes the speech frame and a silence interval accompanied by noise.  In this case, the call command recognition network is configured such that, when an accumulated probability of the predetermined token which is computed in real time after passing through the call command recognition network falls within a range of a predetermined upper percentage, the call command is estimated to have been spoken, and the

---

[1] '196 Patent at 2:51-56.

[2] *Id*. at 3:6-19.

speech frame is transferred to a confidence measurement stage."[3]

21.     Furthermore, the '196 Patent describes exemplary techniques for call command recognition.  As an example, the specification describes an exemplary "call command recognition network" including an "adaptive filter 421 [that] is a Finite Impulse Response (FIR) filter for automatically tracking the spectrum characteristics of surrounding noise from noise-containing input speech (all spoken Voices including call commands) and eliminating the surrounding noise."[4]  A "feature extraction unit 422 is a component for audibly modeling the spectrum characteristics of the input speech, having passed through the adaptive filter 421, for each frame, and converting the spectrum characteristics into robust parameters."[5]  And "keyword searching unit 423 determines whether relevant speech is a call command using an acoustic model database (DB), a pronunciation dictionary DB and a language model DB, and then determines whether to execute the continuous speech recognition routine.  The keyword searching unit 423 includes a token passing unit for configuring a speech frame, which includes a silence interval accompanied by noise and call commands from the speaker, in the form of a minimum number of tokens, and then searching for call commands, and a confidence detection unit for detecting the confidence of each recognized call command in relation to whether the recognized call command is an authentic or false command."[6]

22.     The specification further describes the technological solution of the invention, stating that, for example, the "scheme of the present invention has the advantages of remarkably reducing the memory capacity and computational processing ability which are necessary for a

---

[3] *Id*. at 3:55-4:11.

[4] *Id*. at 5:28-34.

[5] *Id*. at 5:35-39.

[6] *Id*. at 5:40-52.

continuous speech recognition system using the conventional recognition network.  In order to solve the problems, the following technique is proposed in the present invention so that a higher rejection rate for unregistered words can be obtained and the speech recognition rate can be improved even though just a small computational load is used when the keyword-detection based continuous speech recognition system is implemented."[7]  Additional details and improvements of the invention are described in the '196 Patent, which is incorporated herein by reference.

23.     The '196 Patent was previously asserted in *KAIFI LLC v. Amazon.com, Inc., et al.*, Case 2:24-cv-00542 (E.D. Tex. July 17, 2024) ("Amazon Case").

## ACCUSED INSTRUMENTALITIES

24.     Apple makes, uses, sells, and/or offers to sell in, and/or imports into the United States systems, products, devices, components, and/or services that infringe one or more claims of the Asserted Patent (the "Accused Instrumentalities").

25.     The Accused Instrumentalities that infringe the '196 patent include at least systems, products, devices, components, and/or services for speech recognition, including but not limited to wake word detection, such as:  Apple Mac, iMac, and MacBook devices; Apple TV; Apple Vision; Apple Watch products; HomePod devices; iPad devices; iPhone devices; and iPod devices.

26.     Appendix A provides a non-exhaustive list of Accused Instrumentalities.

## COUNT I – INFRINGEMENT OF THE '196 PATENT

27.     The '196 Patent is valid and enforceable.

28.     Apple infringes at least claim 9 of the '196 Patent.  Appendix B details the manner in which the Accused Instrumentalities infringe by way of an exemplary chart as illustrated

---

[7] *Id*. at 6:36-46.

through a representative example. On information and belief, infringement of this patent by other Accused Instrumentalities is materially or substantially the same

## NOTICE AND INFRINGEMENT

29. Apple had actual and/or constructive prior notice of the Asserted Patent and/or its infringing activities. For example, in the Amazon Case, the defendants served document and deposition subpoenas on Apple, which gave actual notice of the Asserted Patent and details of the infringement allegations, and pointed Apple to specific product features and functionalities related to the Asserted Patent.

30. To the extent that Apple contends it lacked actual knowledge of its infringement of the Asserted Patent before the time of service of this Complaint, it was willfully blind by deliberately avoiding investigating KAIFI's patents or inspecting and/or instructing its employees not to investigate KAIFI's patents.

31. In addition to having actual and/or constructive pre-suit notice of the Asserted Patent as detailed above, Apple has actual notice and knowledge of the Asserted Patent no later than the filing of this Complaint and/or the date this Complaint was served upon Apple.

32. Apple has committed and continues to commit acts of direct infringement of the Asserted Patent by making, using, selling, offering to sell, and/or importing in and into the United States, this State, and this District the Accused Instrumentalities.

33. Apple has been and is indirectly infringing the Asserted Patent by actively inducing or contributing to the direct infringement by others, in the United States, this State, and this District.

34. Apple has induced and continues to induce its subsidiaries and affiliates, customers, and other third parties, such as resellers and end-consumers, to directly infringe the

Asserted Patent by making, using, selling, offering to sell, and/or importing into the United States the Accused Instrumentalities through affirmative acts.

35. The affirmative acts of inducement by Apple include, but are not limited to, any one or a combination of encouraging and/or facilitating third-party infringement through the advertisement, marketing, offering for sale, promoting, and dissemination of the Accused Instrumentalities and their components; and creating and publishing promotional and marketing materials, supporting materials, product manuals, and/or technical support and information relating to the Accused Instrumentalities.

36. Apple took active steps to encourage end users to use and operate the Accused Instrumentalities, despite knowing of the Asserted Patent in the United States, in a manner it knew directly infringes each element of the claims of the Asserted Patent. Further, Apple provided product manuals and other technical information that cause its subscribers, customers, and other third parties to use and to operate the Accused Instrumentalities for their ordinary and customary use, such that these third parties have directly infringed the Asserted Patent, through the normal and customary use of the Accused Instrumentalities.

37. Apple specifically intended and was aware that the ordinary and customary use of the Accused Instrumentalities would infringe the Asserted Patent.

38. Apple knew that the induced conduct would constitute infringement, and intended said infringement at the time of committing the aforementioned acts, such that those acts and conduct have been and continue to be committed with the specific intent to induce infringement, or to deliberately avoid learning of the infringing circumstances at the time those acts were committed, so as to be willfully blind to the infringement they induced.

39. Apple has contributed and continues to contribute to the infringement of its

subsidiaries and affiliates, customers, and other third parties, such as resellers and end-consumers of Accused Instrumentalities, to directly infringe the Asserted Patent by offering to sell, selling or importing within or into the United States, this State and this District a component of the Accused Instrumentalities, which constitutes a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

40. Apple knew and knows that the component is especially made or adapted for use in infringement of the Asserted Patent.

41. Apple also infringes jointly and/or vicariously. Apple engages or participates in a joint enterprise and/or collective conduct of making, using, offering to sell, selling, and/or importing of the Accused Instrumentalities with at least one or more subsidiaries and affiliates, customers, and/or other third parties. Apple acts under or provides the direction and/or control of one or more different parties. The infringing acts of subsidiaries, affiliates, customers and other third parties are attributable to Apple.

42. As detailed above, Apple's conduct constitutes willful infringement of the Asserted Patent. As discussed above, Apple has had knowledge of the Asserted Patent and infringement thereof, and yet has deliberately and intentionally continued to infringe with reckless disregard for KAIFI's patent rights. Apple's use of the Asserted Patent is not licensed or authorized by KAIFI in any way. Therefore, Apple is liable for infringement of the Asserted Patent and that infringement has been and continues to be willful in nature.

43. KAIFI has incurred and will continue to incur substantial damages; and has been and continues to be irreparably harmed by Apple's infringement. Therefore, KAIFI is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre- and post-judgment interest, enhanced damages, attorney fees, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, KAIFI respectfully requests that this Court:

A. Enter judgment in favor of KAIFI that the Asserted Patent is valid and enforceable;

B. Enter judgment that Apple has infringed one or more claims of the Asserted Patent, in violation of the United States Code, including, without limitation, 35 U.S.C. § 271;

C. Enter judgment that Apple's infringement is or has been willful;

D. Award KAIFI damages adequate to compensate KAIFI for Apple's past infringement, and any continuing or future infringement through the date such judgment is entered, including prejudgment and post-judgment interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

E. Increase damages awarded to KAIFI in this case to three times the damages amount found by the jury or assessed by the Court pursuant to 35 U.S.C. § 284;

F. Declare this case exceptional and award KAIFI its reasonable attorney fees and costs incurred in bringing and prosecuting this action pursuant to 35 U.S.C. § 285;

G. Enjoin Apple and its subsidiaries, and their officers, agents, servants, employees, and all persons in active concert with any of the foregoing from further infringement of the Asserted Patent, or if its infringement is not enjoined, that Apple be ordered to pay KAIFI ongoing royalties for any post-judgment infringement of the Asserted Patent; and

H. Grant KAIFI all such other relief as the Court deems just and reasonable.

## **DEMAND FOR JURY TRIAL**

KAIFI demands a jury trial on all issues so triable pursuant to Federal Rule of Civil Procedure 38 and other applicable law.

Date:  August 27, 2025

*/s/ Charles Ainsworth*

Charles Ainsworth
(Texas Bar No. 00783521)
charley@pbatyler.com
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 418
Tyler, Texas 75702
Telephone: (903) 531-3535

*Attorneys for Plaintiff KAIFI LLC*